UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUDY MAY,

        Plaintiff,

v.

GOOGLE LLC, et al.,

        Defendants.

Case No. 24-cv-01314-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY**

[Re: ECF No. 41]

On March 5, 2024, Plaintiff Judy May filed a complaint alleging violations of the California Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 *et seq.*, the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and Cal. Penal Code § 496, and conversion against Defendants Google LLC, Google Arizona LLC, Google Payment Corp., and Alphabet, Inc. (collectively, "Google").[1] ECF No. 1 ("Compl."). Google filed a motion to dismiss, which will be fully briefed on July 18, 2024, and is set for hearing on September 26, 2024. ECF Nos. 39, 45.

Before the Court is Google's Motion to Stay Discovery Until Resolution of Motion to Dismiss. ECF No. 41 ("Mot."); ECF No. 46 (Opp."); ECF No. 50 ("Reply"). The Court finds the motion suitable for disposition without hearing. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Google's motion to stay.

**I. BACKGROUND**

Plaintiff alleges that in April 2021 she was the victim of a scam in which a bad actor posing as a "government agent" convinced her to purchase five Google Play gift cards and send

---

[1] Plaintiff has since dismissed without prejudice claims against Alphabet, Inc. subject to a tolling agreement. *See* ECF No. 52.

the redemption codes to them. Compl. ¶¶ 95–98. Plaintiff later realized it was a scam. *Id.* ¶ 102. Nearly three years later, on March 5, 2024, Plaintiff initiated this action.

## II. LEGAL STANDARD

A district court "may, for good cause, issue an order to protect a party or person from … undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); *see, e.g.*, *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020); *In re Nexus 6P Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Chadwick v. BMO Harris Bank NA*, 675 F. App'x 654, 655 (9th Cir. 2017).

Courts in this district apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Reveal Chat*, 2020 WL 2843369, at *2 (citation omitted). The critical "question is only whether [movant's] motion to dismiss is 'potentially dispositive[.]'" *Id.* at *3 (citation omitted). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at *2 (citation omitted). In applying this test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* (citation omitted).

## III. DISCUSSION

### A. Potentially Dispositive of the Case

Defendants argue that the motion to dismiss is dispositive for three reasons, which the Court addresses in turn.

First, Defendants argue that they "identified a limitation of liability provision that forecloses Plaintiff's claims, which are premised on third-party actions." Mot. at 3 (citing ECF No. 39 at 5–6). Plaintiff responds that she "does not seek to hold Google liable for the conduct of third parties, but instead seeks to hold Google liable for its ***own*** conduct." Opp. at 3 (emphasis in original). Plaintiff relies on *Barrett v. Apple Inc.*, where the court granted in part and denied in part the defendant Apple Inc.'s motion to dismiss similar claims regarding an alleged gift card scam. No. 5:20-CV-04812-EJD, 2022 WL 2119131 (N.D. Cal. June 13, 2022), *reconsideration*

1  *denied*, 2023 WL 3977633 (N.D. Cal. June 13, 2023).  The same court also denied a similar
2  motion to stay discovery pending the motion to dismiss.  *Barrett v. Apple Inc.*, 2020 WL
3  13815568 (N.D. Cal. Oct. 22, 2020).  Defendants reply that *Barrett* does not apply because there,
4  it was alleged that "the defendants were directly involved in the alleged scam," and here, Google
5  is not alleged to have perpetrated the underlying fraud.  Reply at 2.  Defendants claim that even if
6  *Barrett* did apply, the claims would be substantially narrowed here, like they were in *Barrett*.  *Id.*
7  at 3; 2022 WL 2119131, at *14–15.

8        Defendants acknowledge that their motion to dismiss is not dispositive of all claims.  *See*
9  Reply at 3.  Indeed, Defendants have no explanation as to how third-party liability applies to
10 Plaintiff's allegations that "Google engaged in violations of Section 496 and conversion."  *See*
11 Opp. at 3.  Defendants insist instead that a "substantial narrowing of claims" alone warrants a stay.
12 Reply at 3.  As the moving party, Defendants "must demonstrate that the pending motion is
13 'potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is
14 directed.'"  *California Crane Sch., Inc. v. Google LLC*, No. 21-CV-10001-HSG, 2022 WL
15 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (quoting *In re Nexus*, 2017 WL 3581188, at *1 (N.D.
16 Cal. Aug. 18, 2017)); *Reveal Chat*, 2020 WL 2843369, at *2.  But Defendants do not adequately
17 address Plaintiff's allegation that Google is liable for its own conduct or Plaintiff's argument that
18 Google's liability waiver is unenforceable.  Opp. at 3.  As such, Defendants have not demonstrated
19 that their limited liability waiver theory is case-dispositive, even for some claims.  Thus, a stay is
20 not warranted on these grounds.

21       Second, Defendants argue that "Plaintiff improperly relied on group pleading and did not
22 allege any misconduct on the part of several Defendants."  Mot. at 4.  Plaintiff responds that she
23 "plausibly alleges that specific Google entities within the same corporate family each play a role
24 in the Google Play gift card business, citing to Google's own terms of service as support."  Opp. at
25 3.

26       As Plaintiff notes in her opposition, the Complaint alleges actions taken by the various
27 Defendants.  *Id.* at 3–4; Compl. ¶ 37 ("Gift Cards and Credits are issued by Google Arizona LLC
28 ('GAZ') . . . the redeemed balance will be transferred from GAZ to its affiliate, Google Payment

United States District Court
Northern District of California

1   Corp. ('GPC'), and thereafter maintained by GPC as Google Play balance in the user's Google
2   Payments account."). Defendants argue in their reply and motion to dismiss that this allegation
3   does not meet the Rule 9(b) pleading standard. Reply at 3; ECF No. 39 at 7. That may prove to
4   be true, but Defendants only raises the Rule 9(b) pleading standard in their reply.

5   Third, Defendants argue that "the bulk of the claims are time barred," the "proposed class
6   period should be shortened by *at least five years,*" and thus, "the scope of the case will be
7   significantly narrowed." Mot. at 4 (emphasis in original). Plaintiff responds that "Google ignores
8   that its statute of limitations arguments cannot reduce certain claims prior to the three and four
9   year statute of limitations periods for such claims" and argues that "minimal discovery should
10  include claims going at least as far back as 2020." Opp. at 5.

11  As Defendants note, "[t]he Class Period is initially defined as the period between January
12  1, 2015 and the present." Compl. ¶ 108. The parties don't appear to dispute that the alleged class
13  period stretches far beyond the statute of limitations and Plaintiff does not argue that the class
14  period should stretch back any further than the statute of limitations for each claim. *See* Opp. at 5.
15  Thus, the motion to dismiss is potentially dispositive with respect to the lengths of the class
16  periods for each claim. This is, however, hardly a reason to stay all discovery, but instead only
17  reason to limit discovery for each claim to the class period consistent with its corresponding
18  statute of limitations.

19  **B.  Necessity of Discovery**

20  Defendants argue that they "also satisfy[y] the second prong of the test because no
21  discovery is needed to rule on the Motion of Dismiss." Mot. at 5. Plaintiff does not appear to
22  dispute this. *See* Opp. Thus, the Court finds that the motion to dismiss can be decided without
23  additional discovery.

24  **C.  Additional Considerations**

25  Defendants argue that "[t]wo further considerations strengthen the case for a stay of
26  discovery here: (1) avoiding wasteful discovery that would prejudice Defendants and (2) the
27  absence of any prejudice to Plaintiff." Mot. at 5. Defendants argue that it would be inefficient to
28  seek discovery for "a proposed class period stretching back nearly 10 years to January 1, 2015."

4

1   *Id.* at 6.  As discussed above, Plaintiff argues that "discovery should include claims going at least
2   as far back as 2020."  Opp. at 5.

3   In ruling on a motion to stay discovery, a district court may "consider whether a stay . . .
4   will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery
5   prior to adjudication of a strong motion to dismiss would represent a potential 'waste of
6   resources.'"  *Kincheloe v. Am. Airlines, Inc.*, No. 21-CV-00515-BLF, 2021 WL 5847884, at *1
7   (N.D. Cal. Dec. 9, 2021).  Courts may also consider potential prejudice to plaintiffs in deciding
8   whether to grant a stay of discovery.  *See, e.g.*, *Reveal Chat*, 2020 WL 2843369, at *4; *Yiren
9   Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018); *In re Nexus*,
10  2017 WL 3581188, at *2.

11  Plaintiff has provided no explanation for why the parties should engage in costly discovery
12  for a class period going as far back as January 1, 2015, and Defendants' argument that such broad
13  discovery could be wasteful and prejudicial is well-taken.  However, Defendants have identified
14  no prejudice or inefficiency stemming from discovery corresponding to more the limited class
15  periods corresponding to the length of the statute of limitations.  Thus, the additional
16  considerations suggest the same outcome described above, that discovery should not be stayed, but
17  is appropriately limited to the class period consistent with the statute of limitations from each
18  claim.

### IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that: Google's motion to stay is GRANTED IN PART AND DENIED IN PART.  For each claim, Plaintiff may seek discovery for the class period consistent with the statute of limitations for that claim.  Further disputes about the scope of discovery will be referred to the Magistrate Judge.

Dated: July 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge