ANTHONY F. FATA (*pro hac vice*)
SARAH E. FLOHR (*pro hac vice*)
**KIRBY MCINERNEY LLP**
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606
Telephone: 312-767-5180
afata@kmllp.com
sflohr@kmllp.com

**Attorneys for Plaintiff and the Putative Class**

[Additional counsel on signature page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUDY MAY, Individually, and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC, GOOGLE ARIZONA LLC, GOOGLE PAYMENT CORP., and DOES 1 Through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 5:24-cv-01314-BLF<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON GOOGLE'S MOTION TO STAY DISCOVERY**<br><br>Date: January 2, 2025<br>Time: 9:00 a.m.<br>Courtroom: Zoom Webinar<br>Judge: Hon. Beth Labson Freeman |

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A.  No Change in Circumstances Warrants a Stay of Discovery. ................................1

    B.  Plaintiff Will Amend the Complaint to Address the Court's Concerns..................2

    C.  A Stay Would Imperil the Case Schedule Set by the Court,
        Including the Scheduled Settlement Proceedings. ..................................................3

    D.  Complying With the Discovery Requests Will Not
        Unduly Prejudice Google..........................................................................................4

III. CONCLUSION.................................................................................................................. 5

# TABLE OF AUTHORITIES

**CASES**

*Barrett v. Apple Inc.*,
    No. 20 Civ. 04812 (N.D. Cal. 2020) ................................................................................. 5

*California Crane Sch., Inc. v. Google LLC*,
    No. 21 Civ. 10001, 2022 WL 1271010 (N.D. Cal. Apr. 28, 2022) ................................... 1

*EHang Inc. v. Wang*,
    No. 21 Civ. 2700-BLF, 2021 WL 3934325 (N.D. Cal. Aug. 20, 2021) ............................ 1

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*,
    No. 16 Civ. 6370, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ...................................... 4

*Palantir Techs. Inc. v. Abramowitz*,
    No. 19 Civ. 6879-BLF, 2020 WL 13548687 (N.D. Cal. Jan. 30, 2020) ........................... 2

*Salaiz v. eHealthInsurance Servs., Inc.*,
    No. 22 Civ. 4835-BLF, 2023 WL 2622138 (N.D. Cal. Mar. 22, 2023) ............................ 2

**I.   INTRODUCTION**

Judy May ("Plaintiff") respectfully submits this opposition to the motion for reconsideration of the Court's Order on the motion to stay discovery by Google LLC, Google Arizona LLC, and Google Payment Corp. (collectively, "Google"). ECF No. 83. For the reasons set forth herein, Google's motion should be denied.

On July 17, 2024, the Court denied Google's request to stay discovery pending the ruling on its motion to dismiss, and instead limited only the temporal scope of discovery. ECF No. 53. On November 4, 2024, the Court granted Google's motion to dismiss in part and granted Plaintiff leave to amend the vast majority of her claims. ECF No. 87 ("Amendment Order").

The Court's denial of a stay was appropriate, and no change in circumstances merits a departure from the July 17, 2024 ruling, which the Court predicated on the absence of a motion likely to dispose of the entire case. Plaintiff will amend her complaint and expand the factual allegations to address the deficiencies articulated by the Court. A complete stay of discovery while she does so, and during the process of briefing, arguing and obtaining a ruling on any future motion to dismiss, would not only prolong the ultimate disposition of this case unnecessarily, but would also jeopardize the case schedule entered by the Court and prevent Plaintiff from gathering the information necessary to make a timely settlement demand. In any event, Google identifies no undue prejudice beyond that which all litigants in civil litigation face under the Federal Rules of Civil Procedure, which do not mandate discovery stays pending an amended pleading or any motion to dismiss such a pleading.

**II.   ARGUMENT**

   **A.   No Change in Circumstances Warrants a Stay of Discovery.**

In seeking to stay discovery, Google "carries the heavy burden of making a strong showing why discovery should be denied." *EHang Inc. v. Wang*, No. 21 Civ. 2700-BLF, 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20, 2021) (citation omitted). For reconsideration, Google must establish that a change in circumstances renders its anticipated motion to dismiss "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *California Crane Sch., Inc. v. Google LLC*, No. 21 Civ. 10001, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022)

1

1  (citation omitted). Google still does not meet this standard. The Court granted Plaintiff leave to
2  amend nearly all of her claims, with the sole exception of Plaintiff's claim for treble damages
3  under Section 496. ECF No. 87, at 32. Accordingly, Google's prior motion to dismiss was not
4  dispositive and does not justify a stay of discovery. *See Salaiz v. eHealthInsurance Servs., Inc.*,
5  No. 22 Civ. 4835-BLF, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) ("[B]ecause the Court
6  granted leave to amend, the motions that were pending before the Court were not dispositive.");
7  *see also Palantir Techs. Inc. v. Abramowitz*, No. 19 Civ. 6879-BLF, 2020 WL 13548687, at *3
8  (N.D. Cal. Jan. 30, 2020) (denying motion to stay because leave to amend is freely given unless
9  futile). Google has not seen or moved to dismiss Plaintiff's amended complaint. Google does not
10 point to a change in circumstances sufficient to justify a stay.

11  **B.    Plaintiff Will Amend the Complaint to Address the Court's Concerns.**

12  Plaintiff's amended complaint will address the concerns identified by the Court. For
13 example, Plaintiff will adequately allege that Google had in fact deployed its technology to detect
14 gift card scams and that Google had "actual knowledge" that Plaintiff's gift card purchases resulted
15 from a scam. ECF No. 87, at 28; *see* MTD Hrg. Tr. (Sept. 26, 2024) ("Tr.") at 42:2-11. Plaintiff
16 will develop allegations to show that Google's scheme of misrepresenting to victims that their
17 funds were gone (when they still resided with Google) was preceded by deliberation and planning.
18 ECF No. 87, at 29. Plaintiff will also allege facts establishing that Plaintiff's funds were stolen
19 prior to Google's *receipt* (and withholding) even if the theft occurred upon redemption of the funds
20 onto the scammer's Google account. *Id.*; *see also* Tr. at 36:3-10. Finally, Plaintiff will allege facts
21 demonstrating that, in this important case involving vulnerable victims of known-to-Google gift
22 card scams, Google is <u>not</u> a benevolent or innocent commercial actor simply providing services to
23 the public, paying itself an honest commission for honest services, and justifiably choosing to pay
24 itself and "innocent" app developers instead of scam victims. These examples of anticipated
25 amendments do not represent a comprehensive list, and Plaintiff may make additional factual
26 amendments and/or seek leave to add additional parties and claims. Lastly, should Google move
27 to dismiss the forthcoming amended complaint, given the case law and facts in this case, any such
28 motion is highly unlikely to be dispositive of the entire case.

In its motion, which predated the Court's Amendment Order, Google raised four issues, addressed in turn below. None of the issues is dispositive.

**Limitation of Liability.** Google argues that its limitation of liability defense warrants reconsideration of the denial of a discovery stay. ECF No. 83-1, at 2. The Court dismissed Plaintiff's claim that the limitation of liability was unconscionable but did so with leave to amend. ECF No. 87, at 13. In her amended complaint, Plaintiff intends to plead additional facts to support her allegation that Google itself has engaged in misconduct, and that the limitation of liability is unenforceable as to Google's own misconduct. This argument is not a defense to the Section 496 claims, and therefore is not dispositive of the entire case. *See* ECF No. 53, at 3.

**Duty to Investigate and Refund Alleged Scams.** Google mischaracterizes Plaintiff's claims as seeking a "duty to investigate [to obtain actual knowledge] and refund." ECF No. 83-1, at 3. To the contrary, Plaintiff alleges Google's "actual knowledge." *See* Compl. ¶¶ 174, 178; Tr. 41:19-20; 53:20-24. The Court found the current actual knowledge allegations to be lacking, but granted Plaintiff leave to allege additional facts. Plaintiff will allege additional facts to support "actual knowledge," including facts independent of Plaintiff contacting Google to report the scam.

**Section 496 and Conversion.** Google argued that the factual allegations did not support Plaintiff's Section 496 and Conversion claims. ECF No. 83-1, at 3-4. The Court granted Plaintiff leave to amend those claims. ECF No. 87, at 29, 32. Plaintiff intends to address the Court's concerns relating to when the funds were stolen, Google's receipt of the funds, what Google did to withhold the funds, and Google's state of mind.

**UCL.** Google also argued that a discovery stay is warranted because the UCL claims would not withstand failure to allege an inadequate remedy at law. ECF 83-1, at 4. Plaintiff will flesh out the lack of an inadequate remedy at law in the amended complaint. ECF 87, at 22.

**C.     A Stay Would Imperil the Case Schedule Set by the Court, Including the Scheduled Settlement Proceedings.**

When the parties jointly proposed a class certification deadline of May 21, 2026 (ECF No. 56), the Court ordered that Plaintiff's motion be filed eight months earlier on September 5, 2025. ECF No. 60. The Parties have been actively meeting and conferring, and Plaintiff has emphasized

3

1   the importance of structured electronic data since the first meeting, yet to date Google has not
2   produced—or even made its promised proposal to produce—any electronic data. Declaration of
3   Nyran Rose Rasche, ¶¶ 4, 13 ("Rasche Decl."). Until the day before this filing, Google had not
4   produced a single document, and even now has produced only 1,026 *pages* (not documents),
5   consisting mainly of communications between Plaintiff May and Google, and public documents
6   such as Google's privacy policy and terms of service. *Id*. ¶ 14. Plaintiff has emphasized the
7   importance of promptly identifying document custodians and proposing search terms, yet to date
8   Google has identified only three custodians and their email and other documents cannot be
9   searched because Google has not yet made good on its promise to propose search terms. *Id*. ¶¶ 4,
10  12. Discovery is proceeding cooperatively, but the pace demonstrates that a stay of even a few
11  months would severely prejudice Plaintiff's ability to move for class certification as scheduled by
12  the Court.

13         The Parties have scheduled a settlement conference for February 26, 2025 before Judge
14  Westmore. Plaintiff explained to Google on the first meet-and-confer that, in order to make the
15  required demand by February 3, 2025, Plaintiff will need, at minimum, data on the number and
16  value of the cards sold as the result of gift card scams from March 5, 2020 forward and the number
17  of victims who reported a scam to Google during that time period. *Id*. ¶ 4. Google has not agreed
18  to produce such data, and thus a stay of discovery would imperil the settlement process.

19         **D.     Complying With the Discovery Requests Will Not Unduly Prejudice Google.**

20         Plaintiff seeks discovery for those claims for which she has been granted leave to amend.
21  A stay of all discovery will only impede progress in this important case on behalf of gift card scam
22  victims, many of whom are elderly and do not otherwise have an avenue to recoup the thousands
23  of dollars they lost in Google gift card scams. Google's speculation that Plaintiff will be unable to
24  address the Court's concerns in an amended complaint does not rise to the "particularized showing
25  describing why discovery in this case is any more burdensome than it is on parties to other civil
26  litigations." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 16 Civ. 6370, 2018 WL
27  1569811, at *2 (N.D. Cal. Feb. 16, 2018). Google's interest "in resisting discovery is outweighed
28

1  by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious
2  schedule." *Id*.

3  Google suggests that Plaintiff has acted unreasonably in discovery and mischaracterized
4  the Parties' discussions on October 15, 2024. ECF No. 83-1, at 5. Plaintiff did not request that the
5  *sample* of electronic data to be used for class certification purposes *contain* all fields from the
6  databases with responsive data. Rasche Decl. ¶ 10. Instead, Plaintiff asked that Google's proposal
7  to produce data for Plaintiff's five cards *identify* all such fields, so that the Parties could meet and
8  confer on their relevance and proportionality and confirm that Google's proposal does not exclude
9  any important responsive data. *Id*. ¶ 9. Contrary to Google's assertion, Plaintiff did not "insist" on
10 that request and, even after Google rejected it, the Parties continued discussing the nature of
11 Google's proposal. *Id* ¶ 11. To this day, Google has not identified *any* data fields it intends to
12 produce or any fields from the same databases which it intends to withhold. *Id*. It is simply not
13 true that Google made—or that Plaintiff rejected—a specific proposal regarding data fields.

14 Google inaccurately suggests that the data produced prior to class certification in *Barrett*
15 *v. Apple Inc.*, No. 20 Civ. 04812 (N.D. Cal. 2020), was limited to data on the named plaintiffs'
16 cards. *See* ECF No. 83-1, at 5. In *Barrett*, discovery proceeded notwithstanding the pending motion
17 to dismiss and Judge Davila's dismissal of the initial complaint in its entirety with leave to amend.
18 *See* Order Denying Motion to Stay, No. 20 Civ. 04812, ECF No. 38 (N.D. Cal. Oct. 22, 2020).
19 Here, Google does not and cannot state that the data produced prior to class certification in that
20 case *was limited to* the data relating to the named plaintiffs' cards. Google's efforts to suggest that
21 Plaintiff has made unreasonable demands in discovery are unfounded.

22 **III.    CONCLUSION**

23 For the foregoing reasons, Plaintiff respectfully requests that Google's Motion for
24 Reconsideration be denied.

| | | |
|---|---|---|
| 1 | Dated: November 7, 2024 | Respectfully submitted, |
| 2 | | **KIRBY McINERNEY LLP** |
| | | /s/ *Anthony F. Fata* |
| 3 | | Anthony F. Fata (*pro hac vice*) |
| 4 | | Sarah E. Flohr (*pro hac vice*) |
| | | Cormac Broeg (*pro hac vice* forthcoming) |
| 5 | | 211 West Wacker Drive, Suite 550 |
| | | Chicago, IL 60606 |
| 6 | | Telephone: 312-767-5180 |
| | | afata@kmllp.com |
| 7 | | sflohr@kmllp.com |
| 8 | | cbroeg@kmllp.com |
| 9 | | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 10 | | Joseph P. Guglielmo (*pro hac vice*) |
| 11 | | Amanda M. Rolon (*pro hac vice*) |
| | | The Helmsley Building |
| 12 | | 230 Park Ave., 24th Floor |
| | | New York, NY 10169 |
| 13 | | Telephone: 212-223-6444 |
| | | jguglielmo@scott-scott.com |
| 14 | | arolon@scott-scott.com |
| 15 | | |
| | | Hal D. Cunningham (CA Bar No. 243048) |
| 16 | | 600 W. Broadway, Suite 3300 |
| | | San Diego, CA 92101 |
| 17 | | Telephone: 619-233-4565 |
| | | hcunningham@scott-scott.com |
| 18 | | |
| 19 | | **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP** |
| 20 | | Nyran Rose Rasche (*pro hac vice*) |
| | | Nickolas J. Hagman (*pro hac vice* |
| 21 | | forthcoming) |
| | | 135 South LaSalle Street, Suite 3210 |
| 22 | | Chicago, IL 60603 |
| 23 | | Telephone: 312-782-4880 |
| | | nrasche@caffertyclobes.com |
| 24 | | nhagman@caffertyclobes.com |
| 25 | | *Attorneys for Plaintiff and the Class* |
| 26 | | |
| 27 | | |
| 28 | | |

**CERTIFICATE OF SERVICE**

I, Anthony F. Fata, certify that on November 7, 2024 the foregoing document entitled **PLAINTIFF'S RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON GOOGLE'S MOTION TO STAY DISCOVERY** was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses of parties of record in this case.

                                                                                   */s/ Anthony F. Fata*
                                                                                     ANTHONY F. FATA