UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUDY MAY,

        Plaintiff,

   v.

GOOGLE LLC, et al.,

        Defendants.

Case No. 24-cv-01314-BLF

**ORDER DENYING GOOGLE'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 17, 2024, ORDER ON GOOGLE'S MOTION TO STAY DISCOVERY AND VACATING HEARING**

[Re: ECF No. 83-1]

Defendants Google LLC, Google Arizona LLC, and Google Payment Corp. (collectively, "Google")[1] filed the Motion for Reconsideration seeking reconsideration of the Court's Order granting in part and denying in part their motion to stay discovery. ECF 83-1. Plaintiff Judy May ("May") filed an opposition. ECF 89. The Court finds this motion appropriate for disposition without oral argument. *See* Civil Local Rule 7-1(b). After considering the moving and responding papers and the relevant record, the Court DENIES Google's Motion for Reconsideration and VACATES the hearing set for January 2, 2025.

**I.     BACKGROUND**

In April 2021, May fell victim to a gift card scam involving Google Play gift cards. ECF 1, ¶ 95. On March 5, 2024, May filed a complaint alleging violations of the California Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 *et seq.*, the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and Cal. Penal Code § 496 ("Section 496"), and conversion against Google. ECF 1. On May 13, 2024, Google filed a motion to dismiss. ECF 39. On July 17, 2024, the Court granted in part and denied in part Google's Motion to Stay Discovery

---

[1] Plaintiff has dismissed without prejudice claims against Alphabet, Inc. subject to a tolling agreement. *See* ECF 52.

1   Until Resolution of Motion to Dismiss. ECF 53. The Court ordered that "Plaintiff may seek
2   discovery for the class period consistent with the statute of limitations for that claim." *Id.* at 5. On
3   September 26, 2024, the Court hosted a hearing on Google's motion to dismiss. ECF 76. On
4   November 4, 2024, the Court granted in part and denied in part Google's motion to dismiss. ECF
5   87. The Court dismissed May's claim No. 5 for receiving, retaining, withholding, or concealing
6   stolen property in violation of Cal. Penal Code § 496 to the extent it seeks treble damages without
7   leave to amend, and dismissed May's remaining claims with leave to amend. *See id.*

## II.   LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

### III. DISCUSSION

Google argues that the Court and the parties "are aware of new facts that warrant reconsideration" of the Court's prior order because May "has not pled a cognizable legal theory," and "will be required to amend her Complaint." ECF 83-1 at 2. In doing so, Google restates its arguments in its motion to dismiss that its limitation of liability included in the gift card terms of service may dispose all of May's claims, that May has failed to identify any legal duty requiring Google to investigate every scam claim, and that May has failed to adequately plead her Section 496, UCL, and conversion claims. *See id.* at 2-4. Google also argues that it is prejudiced because May still insists on production for discovery even though she "must amend [her complaint] in order to state a viable theory." *See id.* at 4-5.

May opposes Google's motion. ECF 89. May argues that there is no change in circumstances because Google's prior motion to dismiss was not dispositive and does not warrant a stay in discovery. *Id.* at 1-2. May states that she will "amend the complaint to address the Court's concerns." *Id.* at 2. May also argues that a stay in discovery may imperil the settlement process and other deadlines set by the Court. *Id.* at 3-4. May further argues that Google would not be prejudiced to comply with the discovery requests because her discovery requests are reasonable. *Id.* at 4-5.

Having considered the parties' arguments, the Court DENIES Google's Motion for Reconsideration. The Court finds that there is no change in circumstances that warrants a stay of discovery. First, Google assumes that even if the Court finds that May has failed to adequately plead all her claims, the Court would not grant Plaintiff leave to amend. Here, the Court freely gave May leave to amend nearly all her claims. ECF 87. Thus, Google's prior motion to dismiss is not dispositive, and Google has not shown that an amendment of the complaint would be futile. *See Palantir Techs. Inc. v. Abramowitz*, No. 19-cv-6879-BLF, 2020 WL 13548687, at *3 (N.D. Cal. Jan. 30, 2020) (denying motion to stay because the Court may give plaintiff leave to amend its complaint); ECF 87. The Court notes that the amended complaint has not yet been filed, nor has a new motion to dismiss been filed. Thus, the Court cannot find that a stay of discovery is warranted.

Second, Google has not demonstrated that a denial of the stay would be prejudicial or burdensome. May correctly states that Google's speculation that May cannot cure the deficiencies

3

is insufficient to support its assertion that it is prejudiced without a stay in discovery. ECF 89 at 4-5; *see* ECF 83-1 at 5; *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 16-cv-6370, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) (denying motion to stay discovery because "[d]efendants have not offered a particularized showing describing why discovery in this case is any more burdensome than it is on parties to other civil litigations").

### IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Google's motion for reconsideration of the Court's July 17, 2024, order on Google's motion to stay discovery is DENIED; and the January 2, 2025 hearing is VACATED.

Dated: November 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge