1
Joseph P. Guglielmo (*pro hac vice*)
Amanda M. Rolon (*pro hac vice*)

2
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 24th Floor

3
New York, NY 10169
Telephone: (212) 223-6444

4
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

5
arolon@scott-scott.com

6
*Co-Lead Class Counsel*

7
[Additional Counsel Listed on Signature Page.]

8

9
**UNITED STATES DISTRICT COURT**

10
**NORTHERN DISTRICT OF CALIFORNIA**

11
**SAN JOSE DIVISION**

12
JUDY MAY, Individually, and on Behalf of
All Others Similarly Situated,

13

14
Plaintiff,

15
v.

16
GOOGLE LLC, GOOGLE ARIZONA LLC,
GOOGLE PAYMENT CORP., and DOES 1

17
Through 10, Inclusive,

18
Defendants.

Case No. 5:24-cv-01314-BLF

**CLASS ACTION**

**NOTICE OF MOTION AND MOTION
FOR SUBSTITUTION AS PLAINTIFF,
INTERVENTION, AND LEAVE TO
AMEND; MEMORANDUM OF LAW IN
SUPPORT THEREOF**

Date: May 22, 2025
Time: 9:00 a.m.
Courtroom: 3, 5th Floor (San Jose)
Judge: Hon. Beth Labson Freeman

19

20

21

22

23

24

25

26

27

28

1

# NOTICE OF MOTION AND MOTION

2    PLEASE TAKE NOTICE that on May 22, 2025, at 9:00 a.m., or as soon thereafter as this
3 matter may be heard, before the Honorable Beth Labson Freeman at the United States District
4 Court for the Northern District of California, located at Robert F. Peckham Federal Building, 280
5 South 1st Street, Courtroom 3–5th Floor, San Jose, California 95113, Denver May, husband and
6 successor in interest of deceased plaintiff Judy May, will and hereby does move the Court for an
7 order: (1) granting substitution of Denver May as the party to pursue the claims of Judy May
8 following her death, pursuant to Federal Rule of Civil Procedure 25; (2) granting intervention of
9 Denver May, Maureen Kennedy and Joan Ehly (collectively, the "Proposed Plaintiffs") as named
10 plaintiffs seeking to pursue their own claims pursuant to Federal Rule of Civil Procedure 24; and
11 (3) granting leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) to
12 reflect both the substitution and the intervention, as shown in the proposed Second Amended
13 Complaint, attached hereto as Exhibit 1.

14    This Motion is based on this Notice of Motion and Motion, the accompanying
15 Memorandum of Law, the Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), the
16 Declaration of Denver May ("May Decl."), the documents and other papers on file in the matter,
17 and upon any oral argument that the Court may permit.

18

# MEMORANDUM OF LAW

19    Pursuant to Fed. R. Civ. P. 15, 24, and 25, Denver May ("Mr. May"), husband and
20 successor in interest of deceased plaintiff Judy May ("Ms. May" or "Decedent") hereby moves to
21 be substituted to pursue Decedent's claims on her behalf, and Proposed Plaintiffs hereby move to
22 intervene as named plaintiffs to pursue their own claims in their own right, and to amend the
23 complaint to reflect both the substitution of Mr. May and the intervention of the Proposed
24 Plaintiffs, as shown in the proposed Second Amended Complaint.  Defendants will not be
25 prejudiced by the relief sought in this Motion, as the Parties remain in the pleading stage, have
26 been granted an extension of time to submit briefing on Defendants' anticipated motion to
27 dismiss, and continue to engage in discussions concerning discovery, including the appropriate
28 scope of discovery for the Court-ordered ADR process, discovery required for class certification,

1

1   and discovery surrounding the gift cards purchased in the May gift card scam – none of which
2   will be impacted by the proposed substitution and intervention.

3   **I.    INTRODUCTION**

4       This case arises from Google's role in formulaic "false pretense" gift card scams from
5   which Google knowingly profits.  In one of these scams, Ms. May had purchased Google Play gift
6   cards with funds drawn from her and Mr. May's joint bank account.  On March 5, 2024, Ms. May
7   initiated the action against Defendant Google LLC, Google Arizona LLC, and Google Payment
8   Corp. ("Defendants" or "Google") addressing Google's role in false pretense gift card scams.  *See*
9   Compl., ECF No. 1.  On May 13, 2024, Defendants moved to dismiss the Complaint (ECF No.
10  39), which Ms. May opposed (ECF No. 45).  After hearing oral argument on September 26, 2024,
11  the Court issued its opinion on November 4, 2024, granting in part and denying in part Google's
12  Motion to Dismiss and granting Ms. May partial leave to amend.  ECF No. 87.  On December 19,
13  2024, Ms. May filed the First Amended Complaint.  ECF No. 93.

14      On January 17, 2025, Counsel for Ms. May notified the Court of her untimely death and
15  also noted Counsel's intention to file a motion for substitution within the timeframe allotted by
16  Fed. R. Civ. P. 25.  ECF No. 96.  Counsel for Ms. May also notified Defendants that it may also
17  seek to add additional parties to the action.  *See* Guglielmo Decl., ¶4.  The Parties conferred and
18  agreed that, in light of Ms. May's death, a brief extension of the deadlines for Defendants'
19  forthcoming motion to dismiss and the Parties' completion of the ADR process was warranted.
20  ECF No. 99.  On January 28, 2025, the Court granted the parties' joint stipulation to modify the
21  briefing schedule and ADR deadlines pending resolution of the motion for substitution and the
22  filing of an operative complaint.  ECF No. 100.

23  **II.    ARGUMENT**

24          ***a.    Substitution of a Plaintiff***

25      Fed. R. Civ. P. 25(a)(1) governs the issue of substitution, and provides that:

26      If a party dies and the claim is not extinguished, the court may order substitution of
        the proper party. A motion for substitution may be made by any party or by the
27      decedent's successor or representative. If the motion is not made within 90 days
        after service of a statement noting the death, the action by or against the decedent
28      must be dismissed.

1  Fed. R. Civ. P. 25(a)(1).  To grant substitution under Rule 25(a)(1), courts evaluate whether: (1)

2  the motion is timely, (2) the claim survives the decedent's death, and (3) the proposed substitute

3  is a proper party. *Id.*; *Oatridge v. Future Motion, Inc.*, No. 5:21-CV-09906-BLF, 2025 WL 41935,

4  at *1 (N.D. Cal. Jan. 6, 2025).  "Rule 25(a) should be applied flexibly and liberally to permit

5  substitution of the party or parties who . . . would adequately represent the decedent's interests."

6  *Scalia v. Cnty. of Kern*, No. 1:17-CV-01097-NODJ-CDB, 2024 WL 664456, at *1 (E.D. Cal. Feb.

7  16, 2024).

8          i.     <u>*Timeliness of Motion*</u>

9          This Motion was made within 90 days after the service of the statement of death and is

10  therefore timely.  Fed. R. Civ. P. 25(a)(1).  The statement noting Ms. May's death on January 14,

11  2025 was filed on January 17, 2025.  ECF No. 96.  To satisfy the maximum 90-day period, the

12  motion for substitution would need to be filed on or before April 17, 2025.

13         ii.    <u>*Survival of Claims*</u>

14         Ms. May's claims survive her death.  In the First Amended Complaint (ECF No. 93), Ms.

15  May asserts the following causes of action: (1) Unfair Practices in Violation of the California

16  Unfair Competition Law ("UCL"); (2) Unlawful Practices in Violation of the UCL; (3) Unfair

17  Practices in Violation of the California Consumers Legal Remedies Act ("CLRA"); (4) Unlawful

18  Practices in Violation of the CLRA; (5) Receiving, Retaining, Withholding, or Concealing Stolen

19  Property in Violation of Cal. Pen. Code §496; and (6) Conversion.[1]  Substantive state law

20  determines whether a cause of action survives a party's death.  *See generally Oatridge*, 2025 WL

21  41935, at *2.  In California, "a cause of action for or against a person is not lost by reason of the

22  person's death but survives subject to the applicable limitations period." Cal. Civ. Proc. Code §

23  377.20.  "The test for survivorship hinges on whether the statutory provision is primarily penal in

24  nature or remedial in nature."  *See Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-CV-03435-BLF,

25  2023 WL 309399, at *1 (N.D. Cal. Jan. 18, 2023) (granting substitution where claims were all

26  remedial in nature, including claims under California Unfair Competition Law and common law);

27

28  [1]       Denver May does not intend to seek declaratory or injunctive relief as the substitute for
Ms. May, but he intends to seek it directly as an intervening party.

1    *see also Pena v. Experian Info. Sols., Inc.*, No. 22-CV-01115-SSS-GJS, 2023 WL 4680807, at *2

2    (C.D. Cal. June 8, 2023) (holding claims survived under California statutes).

3            Here, Mr. May does not seek damages for pain, suffering, or disfigurement, which do not

4    survive a plaintiff's death. *See* Cal. Civ. Proc. Code §377.31. Nor does Mr. May seek to recover

5    damages that are punitive. *See, e.g.*, *Stribling v. Lucero*, No. 16-CV-01438-TLN-JDP, 2021 WL

6    516849, at *1 (E.D. Cal. Feb. 11, 2021) (denying substitution and dismissing claims seeking

7    recovery for punitive damages and damages for mental anguish). Instead, Mr. May seeks

8    substitution only in connection with claims that are remedial in nature. Thus, the claims he seeks

9    to pursue on Ms. May's behalf were not extinguished at her death, and continued prosecution of

10   those claims through substitution is appropriate.

11           iii.    *Proper Party for Substitution*

12           Mr. May is a proper party for substitution as he is the successor in interest to his deceased

13   wife, Judy May, who died intestate. *See* Fed. R. Civ. P. 25(a)(1) (a motion to substitute for a

14   deceased party "may be made by any party or by the decedent's successor or representative").

15           Under Cal. Civ. Proc. Code §377.30, a successor in interest may continue the action either

16   as the decedent's personal representative or, if none exists, as the statutory successor. "On motion

17   after the death of a person who commenced an action or proceeding, the court shall allow a pending

18   action or proceeding that does not abate to be continued by the decedent's personal representative

19   or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code §377.31.

20           Decedent resided and died intestate in Indiana. *See* May Decl. Under Indiana Code § 29-

21   1-2-1, the intestate succession statute governing the distribution of a decedent's estate, the

22   surviving spouse and parent of the decedent's issue is a statutory beneficiary of the decedent's

23   estate. Specifically, if the decedent is survived by a spouse and issue, the spouse is entitled to one-

24   half of the net estate.

25           In California, a "successor in interest" is defined as "the beneficiary of the decedent's estate

26   or other successor in interest who succeeds to a cause of action." Cal. Civ. Proc. Code §377.11;

27   *Oatridge*, 2025 WL 41935, at *2. Because Denver May qualifies as a statutory beneficiary of the

28   decedent's estate under Indiana law, where the Decedent resided prior to her death, he meets the

definition of a successor in interest under California law.  *See* May Decl.; Cal. Civ. Proc. Code §§377.10, 377.11; Cal. Probate Code §6402(a).  Accordingly, Mr. May is a proper party for substitution under Fed. R. Civ. P. 25 as the decedent's successor in interest.

### b.   Intervention

Fed. R. Civ. P. 24 governs intervention, and provides that:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who: (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(a)-(b).  The Ninth Circuit has articulated a four-part test for intervention as of right:

> "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."

*Citizens for Balanced Use v. Montana Wilderness Ass'n.*, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted). "In general, [courts] construe Rule 24(a) liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *see also Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (noting that "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts"). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene . . . and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 820. The Court's review of a motion to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* at 818 (internal quotation and citation omitted).

1    Here, Mr. May clearly satisfies the requirements for intervention as of right.  Mr. May

2    promptly[2] seeks to intervene after his wife, Judy May, suddenly and unexpectedly passed away.

3    Mr. May has a significant protectable interest relating to the property or transaction that is the

4    subject of the action because the funds used by Decedent to purchase the Google Play gift cards

5    were drawn from the Mays' joint bank account.  Similarly, Ms. Kennedy and Ms. Ehly, who seek

6    to intervene less than two months after Ms. May's death, have an interest relating to the property

7    or transaction that is the subject of the action because they both fell victim to Google Play gift

8    card scams and used their own funds to purchase the gift cards demanded by the scammers.

9    If the Proposed Plaintiffs are not permitted to intervene, this action could be disposed of

10   in a manner that impairs or impedes their ability to protect their own interests and those of other

11   gift card scam victims.  Substitution by Mr. May alone is not sufficient protection; intervention

12   is necessary to ensure that any issues which may arise as a result of one procedural posture or the

13   other do not impair the interests that the Proposed Plaintiffs seek to protect.  Finally, for the same

14   reasons, given the passing of the only plaintiff in the action, both substitution and intervention are

15   necessary to ensure that the case proceeds with parties who can adequately represent the Class's

16   interests.

17   Alternatively, the Court has discretion to allow permissive intervention under Rule 24(b)

18   as a proposed intervenor must only show that: (1) independent grounds for jurisdiction exists; (2)

19   the motion is timely; and (3) the intervenor's claim or defense shares a common question of law

20   or fact with the main action.  Fed. R. Civ. P. 24(b); *In re Benny*, 791 F.2d 712, 721-22 (9th Cir.

21   1986).  Further, the court should consider "whether the intervention will unduly delay or prejudice

22   the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *In re Lendingclub Sec.*

23   *Litig.*, 282 F. Supp. 3d 1171, 1177 (N.D. Cal. 2017).

24   Here, the Proposed Plaintiffs satisfy each factor. First, they have independent claims

25   against Google because their funds were used to purchase Google Play gift cards during gift card

26   scams.  As to Mr. May, the funds were drawn from a joint account he owned with Decedent.  As

27   to Ms. Kennedy and Ms. Ehly, they used their own funds when they were tricked into purchasing

28

---

[2]    The timeliness of this Motion is addressed supra at II(a)(i).

1    Google Play gift cards.  Second, as noted above, the Proposed Plaintiffs' motion is timely as they

2    sought to intervene without delay following the recent and tragic passing of Decedent.  Third,

3    their claims share a common question of law or fact with the claims currently alleged in the action.

4    Moreover, as this case remains at the pleading stage, permitting intervention will not unduly delay

5    or prejudice the adjudication of Decedent's original claims.

6        Thus, this Court should allow the Proposed Plaintiffs to intervene, either as of right or

7    permissively, and to assert their claims against Google individually and on behalf of the Class.

8                    *c.  Good Cause Exists to Amend the Complaint*

9        The Proposed Plaintiffs have good cause to seek leave to amend the complaint.  "A party

10    seeking to amend a pleading after a date specified in a scheduling order must first show 'good

11    cause' for amendment under Fed. R. Civ. P. 16(b), and then, if 'good cause' is shown, the party

12    must demonstrate that amendment is proper under Fed. R. Civ. P. 15."  *United States ex rel. Terry*

13    *v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018).  Rule 16's "'good cause'

14    standard 'focuses on the diligence of the party seeking amendment.'"  *Id.*  "Relevant inquiries

15    into diligence include: whether the movant was diligent in helping the court to create a workable

16    Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of

17    the scheduling conference caused the need for amendment; and whether the movant was diligent

18    in seeking amendment once the need to amend became apparent."  *Id.* "In the absence of any

19    apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

20    movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

21    to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the

22    leave sought should, as the rules require, be 'freely given.'" *Eminence Cap., LLC v. Aspeon, Inc.*,

23    316 F.3d 1048, 1052 (9th Cir. 2003).

24        The Parties have been diligent in helping the Court create a workable Rule 16 order.  *See*

25    ECF Nos. 99-100.  The Decedent's passing was unforeseen and should not prevent recovery by

26    Mr. May, individually, or on behalf of other victims who lost money in Google Play gift card

27    scams.    Additionally, Ms. Kennedy and Ms. Ehly only recently, after Decedent's passing,

28    identified themselves as Google Play gift card scam victims who seek to participate in the class

                                                        7

1   action.  Further, Defendants would not be prejudiced by the filing of an amended complaint.  The

2   discovery necessary to prosecute the Proposed Plaintiffs' claims is virtually identical to the

3   discovery necessary to prosecute the Decedent's claims because they are victims of the same scam,

4   and the money came from their joint account.  The only additional discovery would relate

5   exclusively to the Proposed Plaintiffs and the scams perpetrated on them, and could be completed

6   expeditiously.  Amendment of the Complaint to allow the Proposed Plaintiffs to prosecute their

7   claims requires only a short extension of the briefing schedule, which this Court has already

8   granted.  Thus, good cause exists to permit filing of the proposed Second Amended Complaint.

9       Finally, no analysis under Federal Rule of Civil Procedure 23 is necessary or appropriate

10  at this time.  In *Lemus v. Owens-Brockway Glass Container, Inc.*, the court found that the

11  argument concerning the suitability of a substitute for the class representative was "premature and

12  more properly made in opposition to a motion for class certification." No. 21-CV-00146-FLA-

13  AFM, 2022 WL 18278584, at *2 (C.D. Cal. June 21, 2022).  The Proposed Plaintiffs should be

14  permitted to amend the complaint to allege facts which some or all of them may eventually use

15  to support a motion for class certification.

16  **III.    CONCLUSION**

17      Based on the foregoing, the Proposed Plaintiffs respectfully request that the Court: (1) grant

18  substitution of Denver May for Plaintiff Judy May, pursuant to Federal Rule of Civil Procedure

19  25; (2) grant intervention by the Proposed Plaintiffs pursuant to Federal Rule of Civil Procedure

20  24; and (3) grant leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)

21  as reflected in the proposed Second Amended Complaint.

22  Dated: March 25, 2025                 /s/ *Joseph P. Guglielmo*
                                          **SCOTT+SCOTT ATTORNEYS**
23                                        **AT LAW LLP**
                                          Joseph P. Guglielmo (*pro hac vice*)
24                                        Amanda M. Rolon (*pro hac vice*)
                                          The Helmsley Building
25                                        230 Park Ave., 24th Floor
                                          New York, NY 10169
26                                        Telephone: 212-223-6444
                                          jguglielmo@scott-scott.com
27                                        arolon@scott-scott.com

28                                        Hal D. Cunningham (CA Bar No. 243048)
                                          600 W. Broadway, Suite 3300

8

San Diego, CA 92101
Telephone: 619-233-4565
hcunningham@scott-scott.com

**KIRBY McINERNEY LLP**
Anthony F. Fata (*pro hac vice*)
Sarah E. Flohr (*pro hac vice*)
Cormac Broeg (*pro hac vice* forthcoming)
211 West Wacker Drive, Suite 550
Chicago, IL 60606
Telephone: 312-767-5180
afata@kmllp.com
sflohr@kmllp.com
cbroeg@kmllp.com

Marko Radisavljevic (CA Bar No. 306552)
1420 Kettner Boulevard
San Diego, CA 92101
Telephone: 858-834-2044
Facsimile: 858-255-7772
mradisavljevic@kmllp.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Nyran Rose Rasche (*pro hac vice*)
Nickolas J. Hagman (*pro hac vice* forthcoming)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
nrasche@caffertyclobes.com
nhagman@caffertyclobes.com

*Attorneys for Plaintiff and the Class*