1

2

3                          **UNITED STATES DISTRICT COURT**

4                        **NORTHERN DISTRICT OF CALIFORNIA**

5                                **SAN JOSE DIVISION**

6

7    JUDY MAY,                              Case No.  24-cv-01314-BLF

8                  Plaintiff,

9         v.                               **ORDER GRANTING DEFENDANT'S**
                                           **ADMINISTRATIVE MOTION TO**
10   GOOGLE LLC, et al.,                   **CONSIDER WHETHER PLAINTIFF'S**
                                           **MATERIAL SHOULD BE SEALED**
11               Defendants.
                                           [Re:  ECF No. 107]

12         Before the Court is Defendants' Administrative Motion to Consider Whether Plaintiff's

13   Material Should be Sealed. ECF 107. Plaintiff filed a declaration in support of the sealing the

14   materials identified in Defendants' motion. ECF 109.

15         For the reasons described below, Defendants' Administrative Motion to Consider Whether

16   Plaintiff's Material Should be Sealed is GRANTED.

17   **I.    LEGAL STANDARD**

18         "Historically, courts have recognized a 'general right to inspect and copy public records and

19   documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447

20   F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 &

21   n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of

22   access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

23   1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more

24   than tangentially related to the underlying cause of action" bear the burden of overcoming the

25   presumption with "compelling reasons" that outweigh the general history of access and the public

26   policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th

27   Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

28         Records attached to motions that are "not related, or only tangentially related, to the merits

*United States District Court*
*Northern District of California*

of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

United States District Court
Northern District of California

2

## II.   DISCUSSION

Because the sealing motion concerns an exhibit in connection with Defendants' Opposition to Plaintiff's Motion for Substitution, Intervention, and Leave to Amend, the Court will apply the "compelling reasons" standard. *See Nursing Home Pension Fund v. Oracle Corp.*, No. 01 Civ. 00988-MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007).

Defendants' sealing motion identifies an email that contains Plaintiff's personal information, including Plaintiff's email address. ECF 107 at 2. Defendants take no position on their sealing request. *Id.* Plaintiff requests the sealing of this information because it is "necessary to protect her family's privacy and to prevent the use of her information to commit identity theft." ECF 109 at 1.

The Court finds that Plaintiff has established compelling reasons to seal information "to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, No. 01 Civ. 00988-MJJ, 2007 WL 3232267, at *2 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Defendants' Administrative Motion to Consider Whether Plaintiff's Material Should Be Sealed at ECF 107 is GRANTED. The exhibit filed at ECF 107 SHALL remain under seal.


Dated:  May 9, 2025

BETH LABSON FREEMAN
United States District Judge