1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JUDY MAY,<br><br>                Plaintiff,<br><br>        v.<br><br>GOOGLE LLC, et al.,<br><br>                Defendants. | Case No.  24-cv-01314-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART INTERVENOR'S MOTION FOR SUBSTITUTION AS PLAINTIFF, INTERVENTION, AND LEAVE TO AMEND COMPLAINT**<br><br>[Re:  ECF No. 104] |

Before the Court is Denver May's ("Mr. May") Motion for Substitution as Plaintiff, Intervention, and Leave to Amend Complaint. ECF 104 ("Mot."). Mr. May is the husband and successor in interest to deceased Plaintiff Judy May ("Ms. May"). ECF 104 at 1. Defendants Google LLC, Google Arizona LLC, Google Payment Corp., and Does 1-10 (collectively, "Google") filed an opposition. ECF 108 ("Opp"). Mr. May, Maureen Kennedy ("Ms. Kennedy") and Joan Ehly ("Ms. Ehly") (collectively, the "Proposed Plaintiffs") filed a reply. ECF 110 ("Reply"). On May 9, 2025, the Court deemed that the matter is suitable to be determined without oral argument and vacated the hearing scheduled for May 22, 2025. ECF 112.

For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Intervenor's Motion for Substitution as Plaintiff, Intervention, and Leave to Amend Complaint.

## I.    BACKGROUND

In April 2021, Judy May fell victim to a gift card scam involving Google Play gift cards. ECF 1, ¶ 95. On March 5, 2024, May filed a complaint alleging violations of the California Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 et seq., the California Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code § 1750 et seq., and Cal. Penal Code § 496 ("Section 496"), and conversion against Google. ECF 1. On May 13, 2024, Google filed a motion to dismiss. ECF

39. On November 4, 2024, the Court granted in part and denied in part Google's motion to dismiss. ECF 87. On December 19, 2024, Plaintiff filed an Amended Complaint. ECF 93. On January 17, 2025, Counsel for Judy May filed a suggestion of death of Plaintiff Judy May. ECF 96. On March 25, 2025, Proposed Plaintiffs filed the Motion for substitution as plaintiff, intervention, and leave to amend complaint. *See* Mot.

## II.    LEGAL STANDARD

### A.  Motion for Substitution

Rule 25 addresses the death of a party: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Veliz v. Cintas Corp.*, No. C 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008) (footnote omitted). "If Rule 25(a)(1) is met, '[t]he substituted party steps into the same position as [the] original party.'" *Id.* (quoting *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).

### B.  Motion for Intervention

An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quotation marks and citation omitted).

Even where intervention as of right is unavailable, courts may still permit intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Under Rule 24(b), a court may grant permissive intervention if three conditions are met: (1) the movant must show an independent

ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law or fact in common. *See Venegas v. Skaggs,* 867 F.2d 527, 529 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990). The existence of a common question or law or fact "does not automatically entitle an applicant to intervene." *Id.* at 530. Rather, Rule 24(b) "vests 'discretion in the district court to determine the fairest and most efficient method of handling the case.'" *Id.* (quoting *Sec. & Exch. Comm'n v. Everest Mgmt. Corp.,* 475 F.32d 1236, 1240 (2d Cir. 1972)). This means that the court must determine whether intervention will "unduly delay or prejudice the adjudication of the rights of the original parties" to the underlying suit. Fed. R. Civ. P. 24(b)(3). The proposed intervenor bears the burden to show that all conditions for intervention are satisfied. *See, e.g., Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011) (noting, however, that the "review is guided primarily by practical considerations, not technical distinctions").

### C.  Motion for Leave to Amend

When the deadline for amending the pleadings set in a court's scheduling order has passed, a party seeking leave to amend must first seek modification of the scheduling order. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989 (citing *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015)).

"If th[e] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If the moving party establishes good cause to modify the scheduling order, it must then demonstrate that its motion is also proper under Rule 15." *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2024 WL 664804, at *2 (N.D.

Cal. Feb. 16, 2024) (internal quotations omitted). Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within certain designated time frames. Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III.    DISCUSSION

### A.  Motion for Substitution

Mr. May, husband and successor in interest of deceased Ms. May, moves to be substituted to pursue Ms. May's claims on her behalf. Mot. at 1. Plaintiff argues that the motion for substitution is timely, that Ms. May's claims survive her death, and that Mr. May is a proper party for substitution as the successor in interest to his deceased wife, Ms. May. *Id.* at 3-4. Google does not contend that substitution would be improper under Rule 25(a). Opp. at 5-6. Rather Google argues that there is no standing for Plaintiff's UCL and CLRA claims and that Google would be prejudiced. *Id.*

Here, the Court finds that Proposed Plaintiffs' motion satisfies the requirements of Rule 25(a). First, the motion is timely, as Ms. May's attorney filed a Suggestion of Death on January 17, 2025, and the motion to substitute was filed on March 25, 2025. *See* ECF 96; Mot.

Second, the claims are not extinguished. "The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 16-cv-01438, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021) (quoting *Cont'l Assurance Co. v. Am. Bankshares Corp.*, 483 F.Supp. 175, 177 (E.D. Wis. 1980)). "The test for survivorship hinges on whether the statutory provision is primarily penal in nature or remedial in nature." *Id.* (citing *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483

1    (N.D. Cal. 2004)). Here, Ms. May asserted the following causes of action in the First Amended

2    Complaint: (1) Unfair Practices in Violation of the California Unfair Competition Law ("UCL");

3    (2) Unlawful Practices in Violation of the UCL; (3) Unfair Practices in Violation of the California

4    Consumers Legal Remedies Act ("CLRA"); (4) Unlawful Practices in Violation of the CLRA; (5)

5    Receiving, Retaining, Withholding, or Concealing Stolen Property in Violation of Cal. Pen. Code

6    §496; and (6) Conversion. *See* ECF 93, First Amended Complaint ("FAC") ¶¶ 202-89. As Proposed

7    Plaintiffs point out, Mr. May only seeks substitution for claims that are remedial in nature. Mot. at

8    4. Google does not otherwise oppose. *See* Opp. Thus, the Court finds that Judy May's claims are

9    not extinguished. *See* Cal. Code Civ. Proc. § 377.20(a) ("Except as otherwise provided by statute, a

10   cause of action for or against a person is not lost by reason of the person's death, but survives subject

11   to the applicable limitations period."). Google's reliance on *Burrus* is misplaced. Opp. at 5-6 (citing

12   *Burrus v. Elevance Health, Inc.*, 2023 WL 8896902, at *4 (C.D. Cal. Oct. 24, 2023)). In *Burrus*, the

13   Court found that a deceased plaintiff's testimony was critical in a wage-and-hour action because

14   only the deceased plaintiff could credibly testify to the facts surrounding the action. *Burrus*, 2023

15   WL 8896902, at *4. Unlike *Burrus*, here, Google could use its records to show its correspondence

16   with Ms. May.

17        Third, Mr. May as successor in interest of deceased Ms. May is a proper party for

18   substitution. "The rule defines the 'proper party' for substitution as either 'the decedent's successor

19   or representative.'" *Gilmore v. Lockard*, No. 12-cv-00925- NONE-SAB (PC), 2020 WL 3288417,

20   at *2 (E.D. Cal. June 18, 2020). The Court must look to California law to determine a "proper party"

21   for purposes of Rule 25(a)(1). *See Chalfant v. United of Omaha Life Ins. Co.*, No. 15-cv-03577,

22   2016 WL 4539453, at *1 (N.D. Cal. Aug. 31, 2016). California law defines "personal

23   representative" as an "executor, administrator, . . . successor personal representative . . . or a person

24   who performs substantially the same function under the law of another jurisdiction governing the

25   person's status." Cal. Prob. Code § 58(a). Here, Ms. May resided and died intestate in Indiana. *See*

26   ECF 104-3, Declaration of Denver May. Indiana Code § 29-1-2-1 provides that one half of the estate

27   of a person dying intestate shall be distributed the surviving spouse of decedent. Accordingly, Mr.

28   May is a proper party for substitution as Ms. May's successor in interest under Fed. R. Civ. P. 25.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Google's main argument in opposition is that Ms. May lacked standing to bring her UCL

2    and CLRA claims, and those claims must be dismissed. Opp. at 5. The Court finds that Google

3    essentially seeks dismissal of the UCL and CLRA claims, which is not the proper subject for Mr.

4    May's motion for substitution. Google can bring its futility challenge based on the lack of standing

5    in a motion to dismiss after substitution.

6        Google further argues that permitting Mr. May to substitute as to the UCL and CLRA claims

7    "would cause undeniable prejudice to Google" because Google would be unable to cross-examine

8    the deceased Ms. May. Opp. at 5-6. But "[t]he death of a party or witness does not create sufficient

9    prejudice to deny leave to amend [following substitution] when the proposed amendments do not

10   materially alter the nature of the claims or theories already pled." *Underwood v. O'Reilly Auto

11   Enters., LLC*, 342 F.R.D. 338, 343–44 (D. Nev. 2022). Here, Proposed Plaintiffs do not seek to

12   materially alter the claims, and Google can rely on its own records in lieu of Ms. May's testimony

13   to defend the case.

14       For the above reasons, the Court GRANTS Proposed Plaintiffs' motion to substitute Mr.

15   May as successor interest of Ms. May.

16       **B.  Motion for Intervention**

17       Proposed Plaintiffs move the Court to grant intervention of Denver May ("Mr. May"),

18   Maureen Kennedy ("Ms. Kennedy") and Joan Ehly ("Ms. Ehly") as named plaintiffs seeking to

19   pursue their own claims in this class action. Mot. at 1. Google opposes intervention by the Proposed

20   Plaintiffs. Opp. at 6-10.

21           **1.  Intervention as of Right**

22               **a.  Proposed Plaintiffs' Motion Is Timely.**

23       In determining whether a motion for intervention is timely, a court must consider three

24   factors: "(1) the stage of proceedings at which an applicant seeks to intervene; (2) the prejudice to

25   other parties; and (3) the reason for and length of the delay." *Smith v. Los Angeles Unified Sch. Dist.*,

26   830 F.3d 843, 854 (9th Cir. 2016). "Timeliness is a flexible concept; its determination is left to the

27   district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).

28       Proposed Plaintiffs argue that the motion is timely because it was filed shortly after Ms.

May's passing. Mot. at 7. In response, Google argues that it would be prejudiced because significant additional discovery will be needed and will prolong this lawsuit. Mot. at 8. Additionally, Google argues that Ms. Ehly is differently situated from Ms. May because Ms. Ehly did not contact Google about the gift card scam. *Id.* In reply, Proposed Plaintiffs argue that "Google has produced very few documents and the productions of documents from Ehly and Kennedy will be small (as with the Mays), and no depositions have yet been scheduled." Reply at 5.

As to the first timeliness factor, the stage of the proceedings, this case is still in the pleading stage. Google's anticipated motion to dismiss is forthcoming, and the parties have not made much progress on discovery. *See* ECF 100; Reply at 5. Under these circumstances, the Court finds that the motion to intervene was filed at an early stage in the proceedings. This factor favors granting leave to intervene.

As to the second timeliness factor, prejudice to the parties, the Court finds that Google has failed to show it would be prejudiced. Here, Proposed Plaintiffs' motion for intervention is at an early stage and there will be no need to reopen and to re-litigate any prior proceedings between the parties. The Court has not been able to evaluate the merits of the issues presented in Plaintiff Judy May's Amended Complaint. The Court also notes that Ms. Kennedy's claims overlap with those of Ms. May, and that Ms. Ehly is a member of the non-contact class that was alleged in Plaintiff Judy May's original complaint. *See* Compl. ¶ 110; SAC ¶¶ 154-59, 187, 191-93. Accordingly, Ms. Ehly and Ms. Kennedy's participation in this litigation would not significantly expand the scope of the litigation. *See Ubaldi v. SLM Corp.*, No. 11-01320, 2014 WL 12639952, at *3 (N.D. Cal. June 13, 2014) (finding class members who bring the same claims would not unduly expand the scope of the litigation). Accordingly, this factor favors granting leave to intervene.

As to the third timeliness factor, delay, the motion to intervene was filed on March 25, 2025, approximately two months after the passing of Ms. May. *See* Mot. Accordingly, this factor favors granting leave to intervene.

For the above reasons, the Court finds that Proposed Plaintiffs' motion is timely.

**b. Significant Protectable Interest**

To establish a "significant protectable interest," a party seeking intervention must show: 1)

"an interest that is protected under some law," and 2) there is a relationship between the legally protected interest and plaintiff's claims. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Proposed Plaintiffs argue that Mr. May "has a significant protectable interest" in this action because the funds used by Ms. May to purchase the Google Play gift cards were drawn from the Mays' joint bank account. Mot. at 6. Proposed Plaintiffs also argue that Ms. Kennedy and Ms. Ehly have significant protectable interest in this case "because they both fell victim to Google Play gift card scams and used their own funds to purchase the gift cards demanded by the scammers." *Id.*

In response, Google argues that Mr. May is not a member of the putative class. Opp. at 6. Google also argues that Ms. Ehly is differently situated from Ms. May because Ms. Ehly did not contact Google about a gift card scam and is not a member of the "contact subclass." Opp. at 8.

The Court finds that Ms. Ehly and Ms. Kennedy have shown that they have significant protectable interests in this action. Here, both Ms. Ehly and Ms. Kennedy assert that they were victims of Google gift card scams and that Google has the means to track gift card purchases, account creation, redemption and other information related to the specific gift cards involved in the scams. SAC ¶¶ 219-21. The Court also notes that Ms. Ehly is a member of the non-contact class that was alleged in Plaintiff Judy May's original complaint. Compl. ¶ 110. This Court's determination of Google's liability in this action will impact Ms. Ehly and Ms. Kennedy's ability to seek remedies from Google. *Ubaldi v. SLM Corp.*, No. C-11-01320, 2014 WL 12639952, at *1 (N.D. Cal. June 13, 2014) ("[A] a motion to intervene is the proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff.") (quotation omitted).

Nonetheless, Court finds that Mr. May has failed to show that he has "a significantly protectable interest relating to the property or transaction which is the subject of the action." *In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944, 2020 WL 5224241, at *3 (N.D. Cal. Aug. 27, 2020) (internal quotation omitted). In a class action, a party seeking to intervene must be a member of the class to show a "protectable interest" in the property of transaction that is the subject of the class action under Rule 24(a). *Id.* Here, the First Amended Complaint and proposed Second Amended Complaint define the putative class as "All persons in the United States and its territories who purchased one or more Google Play gift cards at the direction of people whose identities they

did not know." First Amended Complaint ("FAC") ¶ 186; ECF 104-1, Second Amended Complaint ("SAC") ¶ 233. The SAC does not allege that Mr. May ever purchased a Google gift card. *See* SAC ¶¶ 156-57 (alleging Plaintiff Judy May purchased Google Play gift cards); *id.* ¶ 159 (alleging Mr. May "knew and understood that his spouse was purchasing Google Play gift cards with funds from their joint account."). Accordingly, the Court finds that Mr. May does not fall under the definition of the putative class and cannot intervene as of right under Rule 24(a). *See Cathode Ray*, 2020 WL 5224241, at *3.

For the above reasons, the Court finds Ms. Ehly and Ms. Kennedy have shown that they have significant protectable interests in this action, and Mr. May has not shown that he has a significant protectable interest in this action.

### c. Adequacy Representation of Interest

Proposed Plaintiffs argue that, given Ms. May's passing, intervention is necessary to ensure that "the case proceeds with parties who can adequately represent the Class's interests. Mot. at 6. In response, Google argues that Ms. Kennedy has not shown how her interests are not adequately represented if Mr. May serves as Ms. May's successor-in-interest for certain claims. Opp. at 8-9.

When evaluating adequacy of representation, the Court considers three factors "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citing *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986)). The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. *Id.* (citing WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1909 (3d. ed. 1986)).

Here, Ms. Ehly is a non-contact class member whose interest may not be adequately represented by contact class members, including Ms. May and Ms. Kennedy. Additionally, Ms. Kennedy is a putative member of the non-contact class with a continuing interest in prosecuting the case. The addition of Ms. Kennedy will ensure that the interests of the contact class is adequately

1   represented. *See In re California Micro Devices Sec. Litig.*, 168 F.R.D. 276, 278 (N.D. Cal. 1996).

2       Accordingly, this factor favors Ms. Ehly and Ms. Kennedy's intervention.

3           **d.  Impair Proposed Plaintiffs' Ability to Protect Their Interests**

4       Proposed Plaintiffs argue, without the Proposed Plaintiffs' intervention, "this action could

5   be disposed of in a manner that impairs or impedes their ability to protect their own interests and

6   those of other gift card scam victims. Mot. at 6. In response, Google argues that Proposed Plaintiffs'

7   statement is conclusory and that Proposed Plaintiffs' interests align with those of Ms. May. Opp. at

8   9.

9       As discussed above, Ms. Ehly and Ms. Kennedy's claims arise from Google gift card scams,

10  and the disposition of this action may, as a practical matter, impair or impede Ms. Ehly and Ms.

11  Kennedy's ability to protect their interests in the funds used to purchase the Google gift cards.

12  Accordingly, Ms. Ehly and Ms. Kennedy have shown that the disposition of this action could impair

13  their ability to protect their interest if they are not permitted to intervene.

14                                              \*\*\*

15      For the above reasons, the Court DENIES Denver May's motion for intervention as of right,

16  and GRANTS Maureen Kennedy and Joan Ehly's motion for intervention as of right.

17          **2.  Permissive Intervention**

18      In addition to seeking to intervene as of right, Proposed Plaintiffs in the alternative seek to

19  intervene pursuant to Rule 24(b). Under Rule 24(b), the Court has discretion to allow permissive

20  intervention if the movant shows: "(1) an independent ground for jurisdiction; (2) a timely motion;

21  and (3) a common question of law and fact between the movant's claim or defense and the main

22  action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

23      Proposed Plaintiffs argue that they each have independent claims against Google, that their

24  motion is timely, and that their claims share a common question of law or fact with the current

25  action. Mot. at 6-7. Google argues that Mr. May's claim or defense does not share a common

26  question of law or fact with this action because he is not a class member. Mot. at 7. Additionally,

27  Google argues that Ms. Kennedy and Ms. Ehly's motion is untimely. Mot. at 10. Google further

28  contends that Ms. Kennedy and Ms. Ehly's claims "are the same as those brought by Ms. May and

United States District Court
Northern District of California

1    lack merit." *Id.* Google argues that permitting intervention is against judicial economy because Ms.

2    Kennedy and Ms. Ehly would not seek intervention "[b]ut for Ms. May's death." Opp. at 10.

3         As to the first factor, an independent ground for jurisdiction, the Court has an independent

4    basis for jurisdiction to adjudicate the Proposed Plaintiffs' claims because the claims all arise from

5    Google gift card scams. As to the second factor, timeliness, as discussed above, Proposed Plaintiff's

6    motion is timely and would not prejudice Google.

7         As to the third factor, the Court finds that Mr. May has not shown that his claim or defense

8    shares "a common question of law or fact" with the class action because he is not a member of the

9    class. *See Andrikos v. APM Terminals Pac., LLC*, No. 19-cv-10421, 2023 WL 12004051, at *3 (C.D.

10   Cal. Mar. 24, 2023); *Balla v. Idaho State Bd. of Corr.*, No. 81-cv-01165, 2020 WL 4754995, at *1

11   (D. Idaho Jan. 31, 2020) (denying non-class member's motion to intervene because he "is not a class

12   member in this case.").

13        Nonetheless, as to Ms. Kennedy and Ms. Ehly, the Court finds that their claims share common

14   questions of law and fact with Ms. May's claims because they all purchased Google gift cards as a

15   result of the scams. Additionally, "judicial economy is a relevant consideration in deciding a motion

16   for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), *aff'd sub nom.*

17   *Venegas v. Mitchell*, 495 U.S. 82 (1990). Here, Ms. Kennedy and Ms. Ehly could file their case

18   elsewhere if intervention is not granted. Granting intervention here could promote judicial economy

19   and avoid potentially inconsistent results.

20        For the above reasons, the Court DENIES Denver May's motion for permissive intervention,

21   and GRANTS Maureen Kennedy and Joan Ehly's motion for permissive intervention.

                                             ***

23        For the above reasons, the Court DENIES Proposed Plaintiffs' motion for intervention by

24   Denver May, and GRANTS Proposed Plaintiffs' motion for intervention by Maureen Kennedy and

25   Joan Ehly.

26   **C.  Motion for Leave to Amend**

27        Proposed Plaintiffs seek leave to amend the complaint. Mot. at 7. Proposed Plaintiffs argue

28   that there is good cause for amendment under Rule 16 because Ms. May's passing was unforeseen,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   and Proposed Plaintiffs have been diligent. Mot. at 7. Proposed Plaintiffs argue the proposed

2   amendment would not prejudice Google because any additional discovery can be "completed

3   expeditiously." Mot. at 8.

4          In response, Google argues that the Court should deny leave to amend because adding new

5   plaintiffs is inconsistent with the Court's prior order. Opp. at 3. Google argues that it would be

6   prejudiced because Proposed Plaintiffs' proposed "new allegations significantly expand the case."

7   *Id.* Google further argues that the proposed amendments to the UCL and CLRA claims are futile.

8   *Id.* at 4.

9          In the Court's Order Granting in Part and Denying in Part Motion to Dismiss, the Court

10  stated that "Plaintiffs may not add parties or claims without prior leave of the Court." ECF 87. Here,

11  Proposed Plaintiffs seek leave of the Court to add Ms. Kennedy and Ms. Ehly, and the Court has

12  granted their request. To the extent Google contends that Proposed Plaintiffs are adding "allegations

13  that were not in Ms. May's original complaint," Opp. at 3, the Court granted leave to amend to file

14  the FAC to address the deficiencies in the original pleading. ECF 87 at 33. Thus, there is no

15  inconsistency with the Court's prior order.

16         The Court finds that good cause exists for Proposed Plaintiffs to amend the complaint. "The

17  good cause standard focuses on the diligence of the party seeking amendment." *United States ex rel.*

18  *Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018). Here, it is undisputed

19  that Ms. May's passing was unforeseen. It is also undisputed that, upon learning Ms. May's passing,

20  Ms. May's attorney acted diligently by filing a suggestion of death on January 17, 2025. ECF 96;

21  *see* ECF 99 (the parties further filed a stipulation to modify deadlines on January 28, 2025).

22         Because the Court finds that good cause exists, the Court next analyzes whether the proposed

23  amendment satisfies Rule 15(a). The Court finds that none of the *Foman* factors are present.

24  Proposed Plaintiffs have not unduly delayed in seeking leave to file the SAC following the passing

25  of Ms. May. Additionally, this case is still at the pleading stage, and filing the SAC would not delay

26  the proceedings. There is also no evidence of bad faith or dilatory motive.

27         Moreover, Google has failed to show that it is prejudiced by the amendment. Google argues

28  that the new allegations in Proposed Plaintiff's SAC would "put many new facts and internal Google

teams at issue." Opp. at 4. Nonetheless, Google has failed to show that any expanded scope in dispute would be undue. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."). The Court is also unpersuaded by Google's contention that the proposed amendment inappropriately expanded the facts and the theory of this case. Mot. at 4 (citing *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F. 3d 1009, 1016-17 (9th Cir. 1999)). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) (finding the district court did not abuse its discretion by denying plaintiff's request to move to amend a third time after the district court dismissed plaintiff's claims on summary judgment). Unlike *Royal Ins.*, here, the case is in the pleading stage, and Plaintiff Judy May identified the non-contact subclass in the original complaint and in the FAC. ECF 1, ¶¶ 110, 174; FAC ¶¶ 188, 264.

The futility of amendment factor weighs in favor of denying leave to amend when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *See Ross v. AT&T Mobility, LLC*, No. 19-cv-06669, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Carranza v. City of San Pablo*, No. 20-cv-08443, 2022 WL 110647, at *4 (N.D. Cal. Jan. 12, 2022) (internal quotation omitted). The Court notes that Google has not contended that the amendment would be futile for Plaintiff's Section 496 and conversion claims. Additionally, while the Court dismissed Plaintiff's original complaint, Plaintiff has not repeatedly failed to cure deficiencies. Indeed, the Court has not had an opportunity to analyze the adequacy of an amended pleading. Accordingly, the futility of amendment factor does not preclude granting leave to amend.

For the above reasons, the Court GRANTS Plaintiff's motion for leave to file a Second Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Proposed Plaintiffs' motion to substitute Denver May as successor interest of Judy May for Judy May is GRANTED. The Clerk SHALL substitute the estate of Judy May through Denver May as Plaintiff and class representative in place of Judy May.

(2) Proposed Plaintiffs' Motion to Intervene is DENIED as to Denver May and GRANTED as to Maureen Kennedy and Joan Ehly. The Clerk SHALL add Maureen Kennedy and Joan Ehly as Plaintiffs and class representatives.

(3) Proposed Plaintiffs' Motion for Leave to Amend is GRANTED. Proposed Plaintiffs SHALL file a Second Amended Complaint that complies with the ruling in this Order within 30 days of the issuance of this Order.

Dated:  June 23, 2025

_____
BETH LABSON FREEMAN
United States District Judge