# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

|  |  |
|---|---|
| JUDY MAY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-01314-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re:  ECF No. 148] |

Before the Court is Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.  *See* ECF No. 148-1 ("Mot."); *see also* ECF No. 154 ("Reply").  Plaintiffs request that the Court set aside Magistrate Judge Susan van Keulen's April 30, 2026, Order Re Discovery Dispute at Dkt. 146.  *See* ECF No. 147 ("Dispute Order").   Defendants Google LLC, Google Arizona LLC, and Google Payment Corp. (collectively, "Google") oppose the motion.  ECF No. 152 ("Opp.").  For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion.

## I.    LEGAL STANDARD

A district court may "modify or set aside any part" of a magistrate judge's ruling on a nondispositive pretrial motion "that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law."  *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Zepeda v. Paypal, Inc.*, No. C 10–2500, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  "A decision may be contrary to law if it fails to apply or

United States District Court<br>Northern District of California

misapplies relevant statutes, case law, or rules of procedure." *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841, 2020 WL 6557547, at *3 (N.D. Cal. July 20, 2020) (citation omitted).

## II.    DISCUSSION

In this putative class action, Plaintiffs allege liability against Google after they fell prey to scammers fleecing them out of the value of their Google Play gift cards. In the March 20, 2026, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, the Court denied Google's motion to dismiss the conversion claim, granted leave to amend the tolling allegations, and dismissed the other claims without leave to amend. ECF No. 141 ("MTD Order"). Thereafter, the Parties disagreed on the scope of Google's 30(b)(6) designee's testimony and Judge van Keulen ruled on the Parties' disputes. In the instant motion, Plaintiffs ask the Court to set aside the Dispute Order and adopt Plaintiffs' previously proposed compromises. The Court addresses each issue in turn.

### A.    Topic 1

As relevant here, Plaintiffs requested that Google's Rule 30(b)(6) designee be prepared to testify as to "[t]he Google business units and departments with responsibility for . . . (b) the Computer System(s) which identify, detect, monitor, track, analyze, prevent, and/or report Gift Card Scams." Dispute Order, Attachment A at 1–2. The Dispute Order limited Topic 1 to systems which *track* gift-card scams. *Id.* Plaintiffs request that the Court set aside the ruling, including because the Dispute Order did not address the analysis of California Civil Code § 1668 set forth in the Motion to Dismiss Order. Mot. at 3–4. Google contends that its use of automatic systems is not relevant to Google's surviving claim. Opp. at 2–4.

As the Court held that it will be incumbent upon Plaintiffs to prove intentional wrongdoing or strict liability for which the public interest is implicated to establish willful injury under § 1668, the Court finds that it was clear error for the Dispute Order to fail to consider the relevance of § 1668 to Plaintiffs' conversion claim. *See* MTD Order at 18–21. The Court further finds that testimony regarding the nature of Google's systems may support Plaintiffs' claim that Google engaged in intentional wrongdoing. Google has not established that it would be unduly burdensome or expensive to prepare its designee on this topic. In sum, testimony relating to

Google's business units and departments with responsibility for the Computer Systems which identify, detect, monitor, track, analyze, prevent, and/or report Gift Card Scams is relevant to Plaintiffs' conversion claim and proportional to the needs to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court GRANTS Plaintiffs' request to set aside the Dispute Order as to Topic 1 and ADOPTS Plaintiffs' proposed compromise.

### B. Topic 2

Turning to Topic 2, Plaintiffs requested that Google's 30(b)(6) designee be prepared to testify as to "[t]he Computer System(s) used to identify, monitor, detect, and track Gift Cards involved in Gift Card Scams, including any Computer System(s) used to prevent Gift Card Scams, and the Structured Data (i.e., the following data or data elements) collected by Google regarding Gift Card Scams," including redeemer-specific data. Dispute Order, Attachment A at 4–6. The Dispute Order limited the topic to "[t]he Computer System(s) used to *track* Gift Cards involved in Gift Card Scams reported to Google by consumers, and the Structured Data (i.e., the following data or data elements) collected by Google regarding Gift Card Scams." *Id.* at 4 (emphasis added). The Dispute Order also excluded redeemer-specific data. *Id.*

For the same reasons described above, the Court finds that it was clear error for the Dispute Order to fail to consider the relevance of § 1668 to Plaintiffs' surviving claim. Testimony relating to the nature of Google's systems may lead to evidence of wrongdoing attributable to Google. Moreover, Google has not persuaded the Court that it would be unduly burdensome to prepare its designee on the full scope of Plaintiffs' proposed compromise. The Court thus finds that Plaintiffs' proposed compromise as to Topic 2 is both relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court GRANTS Plaintiffs' request to set aside the Dispute Order as to Topic 2 and ADOPTS Plaintiffs' proposed compromise.

### C. Topic 13

With respect to Topic 13, Plaintiffs requested that Google's 30(b)(6) designee be prepared

to testify as to Google's efforts to detect and prevent Google Play Gift Card Scams, including methods that apply to Google Accounts or Google Developers. Dispute Order, Attachment A at 6–7. The Dispute Order adopted Google's proposed compromise, namely testimony on whether the particular scams allegedly reported by Plaintiffs May and Kennedy were detected by Google's automated systems. *Id.* This ruling was expressly without prejudice to a renewed, broader proposal after class certification. *Id.*

Plaintiffs contend that the Dispute Order improperly deprived Plaintiffs of testimony on either the two named Plaintiffs' scams or the generally applicable policies and procedures relevant to class certification. Mot. at 5. The Court disagrees. In light of the narrowed scope of the case, the Court finds that the compromise adopted by the Dispute Order properly balanced the relevance and proportionality considerations set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. As the Court finds itself lacking the "definite and firm conviction that a mistake has been committed," *Perry*, 268 F.R.D. at 348, the Court DENIES Plaintiffs' request to set aside the Dispute Order as to Topic 13.

### D.   Relevant Time Period

Lastly, the Parties dispute the relevant time period for the topics. Plaintiffs proposed a time period beginning March 5, 2020, and Defendants proposed March 5, 2021, as the starting date. Dispute Order, Attachment A at 1. Judge van Keulen ruled that the relevant time period for all topics except for Topic 14 shall begin on January 1, 2021. Plaintiffs argue that the selection of this starting date was clearly erroneous. Mot. at 5. The Court disagrees. The Dispute Order expressly took into account Rule 26's relevance and proportionality requirements, and the selection of January 1, 2021, was a proper exercise of discretion. As the Court is unable to reach a definite and firm conviction that a mistake has been made, *Perry*, 268 F.R.D. at 348, the Court DENIES Plaintiffs' request to set aside the Dispute Order as to the time period.

### III.   ORDER

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for relief from nondispositive pretrial order of Magistrate Judge as follows:

(1) The Court GRANTS Plaintiffs' request to set aside the Dispute Order as to Topic 1 and

United States District Court
Northern District of California

ADOPTS Plaintiffs' proposed compromise.

(2) The Court GRANTS Plaintiffs' request to set aside the Dispute Order as to Topic 2 and ADOPTS Plaintiffs' proposed compromise.

(3) The Court DENIES Plaintiffs' request to set aside the Dispute Order as to Topic 13.

(4) The Court DENIES Plaintiffs' request to set aside the Dispute Order as to the relevant time period.

Dated:  June 16, 2026

_____
BETH LABSON FREEMAN
United States District Judge