**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JUDY MAY, et al., | Case No.  24-cv-01314-BLF |
| Plaintiffs, | |
| v. | **ORDER REGARDING DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| GOOGLE LLC, et al., | |
| Defendants. | |
| | [Re:  ECF No. 158] |

Before the Court is Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  ECF No. 158.  For the reasons set forth below, the motion is GRANTED to the extent Plaintiffs seek redactions.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a

United States District Court
Northern District of California

document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II.   DISCUSSION

Defendants' sealing motion identifies as potentially confidential deposition transcripts relating to two non-party family members of Plaintiffs Judy May and Denver May. ECF No. 158. Defendants take no position on whether the material is sealable. *Id.* at 2. Plaintiffs have filed a statement in support of sealing, arguing that maintaining the confidentiality of Ms. May, Denver May, and their family's personally identifiable information is necessary to protect the May family's privacy and to prevent the use of their information to commit an impersonation scam. ECF No. 163 ¶ 4. Plaintiffs thus request that Exhibit A remain under seal. *Id.* ¶ 6. Plaintiffs do not request that the unredacted reply brief remain under seal. *Id.* ¶ 7.

As the sealing request relates to a reply in support of a motion to strike, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the material Plaintiffs have identified, because "[t]he Ninth

United States District Court
Northern District of California

United States District Court
Northern District of California

Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 159 / 158-2 | Defendants' Reply in Support of Defendants' Motion to Strike Class Allegations | Highlighted portions at 7:6-8; 11:26-12:2. | DENIED, as no party requests sealing. |
| 159-2 / 158-3 | Exhibit A | Entire document | GRANTED as containing confidential personal material. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' administrative motion to consider whether another party's material should be sealed, ECF No. 158, is GRANTED to the extent Plaintiffs request redactions.  Defendants SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **July 21, 2026.**

Dated:  July 14, 2026

_____
BETH LABSON FREEMAN
United States District Judge

3