**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JUDY MAY, et al.,

Plaintiffs,

v.

GOOGLE LLC, et al.,

Defendants.

Case No. 24-cv-01314-BLF

**ORDER REGARDING MOTIONS TO SEAL**

[Re: ECF Nos. 176, 186]

Before the Court are two administrative motions:

1. Defendants' ("Google's") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 176.
2. Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Response to Google's Motion for Partial Reconsideration. ECF No. 186.

For the reasons that follow, the Court GRANTS the motions to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

Conversely, under Federal Rule of Civil Procedure 26(c), parties seeking to seal "records attached to nondispositive motions," must satisfy the "good cause" standard. *Kamakana*, 447 F.3d at 1180. "This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

United States District Court
Northern District of California

## II. DISCUSSION

### A. ECF No. 176: Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed

Google has filed an administrative motion to consider whether portions of its Motion for Partial Reconsideration of the Court's June 23, 2025 Order and the accompanying exhibits should be sealed. ECF No. 176. Google takes no position on whether the material should be sealed. *Id.* at 3. Plaintiffs filed a statement in support of sealing, arguing that these documents contain "personally identifiable information" such as the "names, relationships, [and] financial details" of the Plaintiffs, Plaintiffs' family, and non-party witnesses. *Id.* at 1. Plaintiffs assert that public disclosure would "place this information in the hands of would-be wrongdoers" and expose these individuals to an increased risk of impersonation scams. *Id.* at 1–2.

This sealing request relates to a motion for partial reconsideration of the Court's order granting the substitution of a plaintiff and leave to amend. *See* ECF Nos. 113, 175. This motion is "more than tangentially related to the underlying cause[s] of action," and thus the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the material Plaintiffs have identified, because "[t]he Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. 1-cv-00988, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).

The Court's ruling is summarized below.

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 175-1/ 176-1 | Google's Motion for Partial Reconsideration of the Court's June 23, 2025 Order Granting in Part and Denying in Part Intervenor's Motion for Substitution as Plaintiff, Intervention, and Leave to Amend Complaint | Highlighted portions at 1:10-15; 1:19-20; 1:28; 3:8-16; 3:18; 3:21-22; 4:2-9; 4:11-13; 4:18; 5:4-7; 5:9-10; 5:12-15; 6:11; 6:25; 7:22; 8:16-18. | GRANTED as containing confidential personal material. |
| 175-3/ 176-2 | Exhibit 1 to the Declaration of Molly Jennings in Support of Google's Motion for Partial Reconsideration: Excerpts of June 16, 2026 deposition of Denver May | Entirety. | GRANTED as containing confidential personal material. |
| 175-4/ 176-3 | Exhibit 2 to the Declaration of Molly Jennings: June 19, 2026 letter from Robin C. Burrell | Highlighted portions at pp. 1-2. | GRANTED as containing confidential personal material. |
| 175-5/ 176-4 | Exhibit 3 to the Declaration of Molly Jennings: June 30, 2026 letter from Joseph P. Guglielmo | P. 1 ¶3, highlighted portions at pp. 1-2. | GRANTED as containing confidential personal material. |
| 175-6/ 176-5 | Exhibit 4 to the Declaration of Molly Jennings: Errata sheet for Denver May deposition | Identified portions at 82:02, 138:04, 146:08, 145:07-154:07. | GRANTED as containing confidential personal material. |
| 175-9/ 176-6 | Exhibit 7 to the Declaration of Molly Jennings: Excerpts of September 16, 2026 deposition of non-party | Identified portions at 59:5-14; 59:15-17 and 66:17-18. | GRANTED as containing confidential personal material. |

**B. ECF No. 186: Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Response to Google's Motion for Partial Reconsideration**

Plaintiffs also seek to seal portions of their response to Google's motion for partial reconsideration and the accompanying exhibits. ECF No. 186. Plaintiffs maintain that these documents contain "private, personal information" about Plaintiffs and their family members. *Id.* at 1. Plaintiffs argue that public disclosure of this information would increase their risk of being targeted by impersonation scams. *Id.* at 1–2. Google did not file a response to this motion.

This sealing request is also related to Google's motion for partial reconsideration, which is "more than tangentially related to the underlying cause[s] of action." *Ctr. for Auto Safety*, 809

F.3d at 1099–101. Therefore, the Court will apply the "compelling reasons" standard. *Id.* The Court finds that compelling reasons exist to seal the material Plaintiffs have identified, because "[t]he Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund*, 2007 WL 3232267, at *2.

The Court's ruling is summarized below.

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 185/ 186-1 | Plaintiffs' Response to Google's Motion for Partial Reconsideration of the Court's June 23, 2025 Order | Highlighted portions at 1:3; 1:16-18; 2:8-9; 2:21-24; 3:22-4: 45; 4:8-10; 4:28-5:1; 5:5-8; 5:25-27; 6:267:5; 7:19-22; 3:13-17; 8:7-8; 5:16-24; 6:1-3; 8:11-12; 8:17-18; 1:14-18; 4:21-22; 9:8-12; 10:24-25. | GRANTED as containing confidential personal material. |
| 185-4/ 186-2 | Exhibit A to the Declaration of Joseph Guglielmo | Highlighted portion. | GRANTED as containing confidential personal material. |
| 185-5/ 186-3 | Exhibit B to the Declaration of Joseph Guglielmo | Highlighted portions. | GRANTED as containing confidential personal material |
| 185-6/ 186-4 | Exhibit C to the Declaration of Joseph Guglielmo | Entirety. | GRANTED as containing confidential personal material |
| 185-7/ 186-5 | Exhibit D to the Declaration of Joseph Guglielmo | Entirety. | GRANTED as containing confidential personal material |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 176, is granted to the extent Plaintiffs request redactions. By **November 13, 2026**, Google SHALL refile public versions of each filing in which the redactions granted by the Court differ from the redactions in the public versions.



United States District Court
Northern District of California

(2) Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Response to Google's Motion for Partial Reconsideration, ECF No. 186, is GRANTED.

**IT IS SO ORDERED.**

Dated: November 6, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California